**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5342-16T1

GUERLANDE JEAN,

     Plaintiff-Appellant,

v.

SAINT BARNABAS MEDICAL
CENTER, a/k/a SAINT
BARNABAS HEALTH, PARASH
PARAGI, M.D., RONALD
CHAMBERLAIN, M.D., and
SYED AMMER SHAH, M.D.,

     Defendants-Respondents.

_____

          Submitted August 30, 2018 – Decided September 21, 2018

          Before Judges Rothstadt and DeAlmeida.

          On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-6446-15.

          Law Offices of James C. Dezao, PA, attorneys for appellant (James C. DeZao, on the briefs).

          Vasios, Kelly & Strollo, PA, attorneys for respondents (Lauren M. Strollo, of counsel; David W. Badie, on the brief).

PER CURIAM

In this medical malpractice action, plaintiff Guerlande Jean appeals from the Law Division's June 23, 2017 order denying her Rule 4:50-1 motion to vacate a May 12, 2017 order granting summary judgment to defendants Saint Barnabas Medical Center, also known as Saint Barnabas Health, Parash Paragi, M.D., Ronald Chamberlain, M.D., and Syed Ammer Shah, M.D., and dismissing plaintiff's complaint with prejudice. The motion judge denied plaintiff's motion after concluding that plaintiff's explanation for her failure to diligently pursue the discovery that should have been produced in opposition to defendants' motion, did not satisfy plaintiff's obligation to establish exceptional circumstances necessary to vacating the judgment. We affirm.

We need not set forth the details of plaintiff's negligence claims as the issue before us relates to the conduct of the litigation, rather than her allegations of negligence. Suffice it to say, plaintiff alleged that after being admitted to Saint Barnabas and undergoing surgery related to her gall bladder, defendants' negligence caused her to suffer various serious injuries for which she sought damages by filing her complaint on September 14, 2015. In January 2016, defendants filed a joint answer. Discovery demands were served by both parties, but by the time defendants filed their motion for summary judgment in April

2017, plaintiff never responded to any discovery demands. Significantly, by that time, plaintiff had not served any experts' reports.

It was on that basis that defendants moved for summary judgment, arguing "[p]laintiff has failed to serve expert reports to establish liability and proximate cause as is required under the relevant statutory and case law." Defendants filed their motion for summary judgment on April 11, 2017, just after the April 9, 2017 discovery end date. According to a trial notice attached to defendants' counsel's supporting certification, the court had sent notices to all counsel on April 10, 2017 fixing June 19, 2017 as the trial date.

In opposition to defendants' motion, on May 2, 2017, plaintiff filed her attorney's certification and a "memorandum in opposition to defendants' motion . . . and in support of cross motion to reopen and extend" discovery or "for a case management conference." However, plaintiff did not file a cross-motion seeking any relief.

In his certification, counsel stated that plaintiff served answers to interrogatories and expert reports on April 27, 2017. He acknowledged that discovery expired on April 9, 2017, and explained that "[d]ue to circumstances beyond [p]laintiff's control," counsel "inadvertently" did not "move to extend [discovery] even though signature pieces of discovery remained outstanding."

A-5342-16T1

Although counsel provided no further explanation for the delay in responding to discovery demands, he added that "[t]here was no intention to mislead or prejudice the [d]efendants in the failure to serve an expert report until April 27, 2017." Counsel also noted that defendants never sought to impose sanctions or seek the dismissal of plaintiff's complaint during the discovery period. According to counsel, no trial date had been set and no prejudice had resulted to defendants in the delay in providing discovery.

On May 12, 2017, Judge Thomas R. Vena considered the parties' oral arguments before deciding to grant defendants' motion. In his oral decision placed on the record on that date, Judge Vena reviewed the history of the case and observed that the 450 days established for discovery under the court's rules went by and a trial date established without any answers to interrogatories, depositions or expert reports being provided by plaintiff. He also noted that plaintiff did not file a cross motion seeking any relief, including the extension of the discovery date. He turned to plaintiff's explanation for discovery not being served and concluded that plaintiff did not provide any "circumstances . . . as to why no discovery was conducted" and that "counsel's office . . . not warn[ing] him about the discovery end date" "[h]ardly constitute[d] [good] cause." Judge Vena explained that even assuming plaintiff's opposition to

defendants' motion "constitutes a motion to extend discovery," counsel's explanation not only did not establish the exceptional circumstances required to extend discovery when, as here, a trial date had been fixed, but did not satisfy the "good cause" needed to be shown when there was no impending trial date. Citing to Vitti v Brown, 359 N.J. Super. 40 (Law Div. 2003) and Rivers v. LSC Partnership, 378 N.J. Super. 68 (App. Div. 2005), the judge pointed out there was no proof of counsel's diligent pursuit of discovery or any explanation as to why an extension was not sought during the discovery period.[1]

Judge Vena concluded by rejecting counsel's explanation at oral argument for not providing discovery sooner. The judge stated

> Why discovery was not completed we're told it was a strategic determination. Counsel clearly was not diligent . . . in pursuing discovery. While additional discovery is, in fact, essential, because at the time of the discovery end date no discovery was conducted. Well, of course, it's essential in the event that the . . . matter is going to proceed to trial. In fact, discovery, contrary to what attorney for the plaintiff tells us, is hardly a short period of additional discovery. There's already been 450 days of discovery by the time of the discovery end date, and that's why such an extensive discovery opportunity was provided. Presumably if . . . the discovery end date was to be extended under the facts of this case, it would have to be extended virtually

---

[1] During oral argument, plaintiff's counsel stated "it was a strategic point on [his] part" to withhold discovery until he had received "[defendants'] answers to interrogatories." (T11)

A-5342-16T1

another 450 days in order to accomplish what would have to be accomplished in a Track III professional malpractice case.

The explanation of why the extension was not requested within time is -- is simply -- whatever explanation there was is simply not acceptable. Clearly, the circumstances were not beyond the control of the attorney and litigant, and there has been absolutely no showing that counsel made effective use of the time provided under -- in light of the fact that an extensive period of time was provided. For all of those reasons and authorities cited, the plaintiff's complaint is dismissed with prejudice.

Judge Vena entered an order on May 12, 2017 granting defendants' motion for summary judgment and dismissing plaintiff's complaint with prejudice. Plaintiff did not file an appeal from that order.

On June 1, 2017, plaintiff filed a motion under Rule 4:50 for "relief from judgment or order," seeking to reinstate her complaint. In support, plaintiff filed the certification of a different attorney than the one that had filed opposition to defendants' earlier motion, but from the same firm. In this certification, counsel stated that "[t]he nature and circumstances underlying this [m]otion are detailed, and sensitive, and [he] respectfully request[ed] that the [c]ourt permit [him] to explain them fully in camera." He then explained that it was his associate who was responsible for handling this matter and that he was unaware that the discovery end date "had lapsed and key discovery not undertaken." Counsel

renewed his request to provide information "to the [c]ourt in camera," stated he would now be taking over the file, and based on his review of the transcript from the summary judgment motion oral argument, his associate "did not state that the [p]laintiff was dilatory or neglectful in this matter" and he had "no information in [his] possession suggest[ing] that she was such." According to counsel, "[b]ased upon the circumstances presented in this [m]otion, the [p]laintiff contends that she has established exceptional circumstances to justify reopening and extension of the [discovery end date]."

On June 23, 2017, Judge Vena issued an order denying plaintiff's motion, accompanied by a written statement of reasons. In his statement, the judge cited to Hartsfield v. Fantini, 149 N.J. 611 (1997) and Zadigan v. Cole, 369 N.J. Super. 123, 132 (Law Div. 2004), relied upon plaintiff's attorney's "carelessness throughout the entirety of the discovery period," and concluded that plaintiff failed to meet the exceptional circumstances standard for relief under Rule 4:50-1(f) because "an attorney's 'carelessness' or failure to act diligently does not give rise to exceptional circumstances." This appeal followed.

In her notice of appeal, plaintiff designated only the June 23, 2017 order as the subject of her appeal. Her accompanying appellate case information statement identified the order more specifically as the order denying her "Motion

for Relief from the Court's May 12, 2017 Order dismissing the [p]laintiff's action against all [d]efendants for failure to provide an expert witness report and written discovery."

On appeal, plaintiff argues that the award of summary judgment was improper because plaintiff served expert reports shortly after the discovery end date, before the motion was heard. She also contends that defendants never pursued the discovery by filing any motions during the discovery period, the motion was premature, and moot in light of plaintiff filing a cross-motion to reopen discovery. Plaintiff also avers that the court did not properly consider plaintiff's opposition and, in any event, the ultimate sanction of dismissal was unwarranted. Finally, she challenges the denial of her Rule 4:50 motion. We find no merit to these contentions.

At the outset, we observe that plaintiff's notice of appeal is limited to the order denying her motion to vacate under Rule 4:50-1. Plaintiff's appeal is therefore procedurally barred insofar as it relates to any claimed defect in the May 12, 2017 summary judgment order. See R. 2:5-1(f)(3)(A); Pressler & Verniero, Current N.J. Court Rules, comment 6.1 on R. 2:5-1 (2018) (citing Sikes v. Twp. of Rockaway, 269 N.J. Super. 463, 465-66 (App. Div.), aff'd o.b., 138 N.J. 41 (1994) and W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J.

Super. 455, 458-59 (App. Div. 2008)).  Plaintiff's brief challenges the reasons for the summary judgment order's entry by the court, and her appellate case information statement mentions the order.  However, plaintiff's appellate case information statement does not explicitly state that she is appealing from that order, and she never filed an appeal from Judge Vena's granting summary judgment.  Therefore, the summary judgment order is not subject to our review.[2]

We begin our review of Judge Vena's denial of plaintiff's Rule 4:50-1 motion by acknowledging the "substantial deference" we must give to a trial court's decision on a Rule 4:50-1 motion, which "should not be reversed unless it results in a clear abuse of discretion."  U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012).  An abuse of discretion may be found when a decision lacks a "rational explanation," represents an inexplicable "depart[ure] from established policies," or rests "on an impermissible basis."  Id. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).  Our task is not "to decide whether the trial court took the wisest course, or even the better course, since to do so would merely be to substitute our judgment for that of the lower court.  The question is only whether the trial judge pursued a manifestly

---

[2]  Although the summary judgment order is not under review, our consideration of the denial of the Rule 4:50-1 motion addresses essentially the same issues plaintiff raises in her challenge to the summary judgment order.

unjust course." Gittleman v. Cent. Jersey Bank & Tr. Co., 103 N.J. Super. 175, 179 (App. Div. 1967), rev'd on other grounds, 52 N.J. 503 (1968).

Rule 4:50-1 provides various grounds for a court to relieve a party from a judgment. Under subsection (f), the judgment should be set aside for "any other reason justifying relief from the operation of the judgment or order." R. 4:50-1(f). "[R]elief under Rule 4:50-1(f) is available only when 'truly exceptional circumstances are present'" such that "were it not applied, a grave injustice would occur." Guillaume, 209 N.J. at 468, 484 (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286, 289 (App. Div. 1994)). "The movant must demonstrate the circumstances are exceptional and enforcement of the judgment or order would be unjust, oppressive or inequitable." Johnson v. Johnson, 320 N.J. Super. 371, 378 (App. Div. 1999) (citation omitted).

In determining whether a party should be relieved from a judgment or order, courts must balance "the strong interests in the finality of litigation and judicial economy with the equitable notion that justice should be done in every case." Jansson v. Fairleigh Dickinson Univ., 198 N.J. Super. 190, 193 (App. Div. 1985). Our courts have long adhered to the view that subsection (f)'s boundaries "are as expansive as the need to achieve equity and justice." Ridge

10

at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 98 (App. Div. 2014) (quoting

Court Invest. Co. v. Perillo, 48 N.J. 334, 341 (1966)).

Where a procedural violation is involved, additional considerations are implicated, namely, "[t]he defendant's right to have the plaintiff comply with procedural rules[, which] conflicts with the plaintiff's right to an adjudication of the controversy on the merits." Abtrax Pharms. v. Elkins-Sinn, 139 N.J. 499, 513 (1995) (quoting Zaccardi v. Becker, 88 N.J. 245, 252 (1982)). In all cases, however, "justice is the polestar and our procedures must ever be moulded and applied with that in mind." Jansson, 198 N.J. Super. at 195 (quoting N.J. Highway Auth. v. Renner, 18 N.J. 485, 495 (1955)).

An attorney's error, misconduct or incompetence may constitute exceptional circumstances warranting relief under Rule 4:50-1(f). Jansson, 198 N.J. Super. at 196. "[A] litigant may, in appropriate circumstances, be relieved of the consequences of his attorney's negligence in the conduct of a case." Ridge at Back Brook, LLC, 437 N.J. Super. at 98 (vacating a summary judgment order and remanding the matter for the trial court to reconsider a motion to vacate dismissal based upon litigant's failure to understand discovery rules prior to entry of judgment).

In <u>Jansson</u>, the plaintiffs provided their interrogatory answers to their attorney, who then failed to submit them to the defendants by the applicable deadline, resulting in the dismissal of the complaint. <u>Jansson</u>, 198 N.J. Super. at 192-93. The attorney then "repeatedly misrepresented that the trial was imminent when the plaintiffs inquired as to the status of the case." <u>Id.</u> at 193. The matter remained dormant until the plaintiffs dismissed their attorney and retained new counsel who promptly moved to reinstate the complaint, albeit three years after the dismissal order was entered. <u>Ibid.</u> In reversing the trial court's order denying the reinstatement, we enunciated four factors that courts should consider in determining whether the rules should be relaxed: "(1) the extent of the delay [between dismissal and the motion to reinstate], (2) the underlying reason or cause, (3) the fault or blamelessness of the litigant, and (4) the prejudice that would accrue to the other party." <u>Id.</u> at 195; <u>see also</u> <u>Parker v. Marcus</u>, 281 N.J. Super. 589 (App. Div. 1995) (reversing the trial court's ruling and vacating dismissal of a lawsuit due to an attorney's failure to appear at an arbitration hearing and tell the plaintiff about the dismissal).

Applying these guiding principles, we affirm the denial of her motion to vacate, substantially for the reason expressed by Judge Vena in his written decision. We only add that the record is devoid of any evidence of the actual

12

cause for the delay in producing the expert reports needed to oppose the summary judgment motion or proof that plaintiff had nothing to do with her counsel's failure to produce any discovery during the 450 day discovery period.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION